IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **Mary Immaculate Nassali** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 8:19-cv-02444-CBD |
| | ) | |
| **John Kamya,** *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE SUMMONS
RETURNED EXECUTED AND DISMISS PLAINTIFF'S COMPLAINT**

Defendants John Kamya and Danieline Kamya (collectively "Defendants"), respectfully move pursuant to FED. R. CIV. P. 12(b)(5) to strike the summons returned executed and dismiss Plaintiff's Complaint for insufficient service of process because Defendants were not properly served with a copy of the summons and complaint in this matter.

**INTRODUCTION**

Plaintiff Mary Immaculate Nassali ("Plaintiff Nassali") filed her Complaint on August 23, 2019, and Defendants timely filed a FED. R. CIV. P. 12(b)(5) motion to dismiss the Complaint on September 20, 2019. ECF Nos. 1, 6 (set answer deadline to September 20, 2019), 7 (same), 10. Defendants argue that effective service pursuant to FED. R. CIV. P. 4(e) requires Plaintiff to serve the complaint and summons upon a person "who resides there." *Id.* Defendants proffered Mr. Kamya's declaration, stating under oath that Garolyne Togba received service even though

Ms. Togba did not reside there. ECF No. 10-1. In Plaintiff Nassali's opposition,[1] she confirms that the process server gave documents to Ms. Togba; provides no evidence that Ms. Togba lives there; asserts that the process server's affidavit trumps that of Mr. Kamya even though the process server's affidavit does not dispute the sole material fact; and argues that actual notice is legally sufficient without effective service. *See generally* ECF No. 12.

This Court should grant Defendants' motion because (1) it is well-established that effective service is a legal requirement; (2) Plaintiff Nassali and her process server provide no evidence that Ms. Togba lived at the residence at the time of service; (3) and Plaintiff Nassali mischaracterizes the relevant case precedent regarding affidavits from defendants and the process server. As Plaintiff Nassali asserts that her improper service is sufficient without requesting additional time for effective service, this Court should grant Defendants' Motion to Dismiss and strike the summons returned.

## ARGUMENT

### I. It is well-established that actual notice is not sufficient by itself to establish effective service.

Plaintiff Nassali criticizes Defendants' "cynical[]" use of Rule 4 and argues that actual notice is sufficient. ECF No. 12 at 5-6 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666 (4th Cir. 1963)). Plaintiff Nassali's argument is not supported by her own case law citation and the established legal precedent in this circuit. *See e.g., Karlsson*, 318 F.2d at 668; *Ayres v. Owen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 260 (D. Md. 2015); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "[T]he ***plaintiff*** bears the burden of establishing the validity of service." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (emphasis added); FED. R. CIV. P. 4. The United States Court of Appeals for the Fourth

---

[1] Plaintiff Nassali proffers settlement communication in its opposition to motion to dismiss in violation of FED. R. EVID. 408.

Circuit has applied a more liberal construction of the service rules when a defendant had actual notice but warned that "the rules are there to be followed, and plain requirements for the means of effecting service of process ***may not be ignored***." *Ayres*, 129 F. Supp. 3d at 260 (emphasis added) (quoting *Armco, Inc.*, 733 F.2d at 1089).

A more liberal interpretation due to actual notice does not equate to a complete disregard for the service rules. *See id.* To illustrate this logic, two unreported cases stated that even when a plaintiff's service of process is entirely proper it is still not correctly effected when the plaintiff fails to file proof of service. *Flores v. Environmental Trust Solutions, Inc.*, No. PWG-15-3063 (D. Md. May 16, 2018); *Atkin v. Goldberg's New York Bagels*, No. GJH-15-3413, 2017 WL 462509, at *3 & n.6 (D. Md. February 1, 2017). In *Karlsson*, the legal question at issue is whether the "house at which service was effected was, at the time of service, defendant's 'dwelling house or usual place of abode'" when the defendant was in the process of moving from that house to another. 318 F.2d at 667. It is undisputed that at one point, shortly before service, the house at which service was effected was the defendant's house. *Id.* The *Karlsson* court just extended the period when the defendant legally resided at the house at which service was effected in its liberal construction of the rule. *See id.*

In the case at bar, the relevant legal issue is whether this Court is willing to convert ***all*** guests and relatives "dressed in causal clothes and in slippers" into a resident within the meaning of FED. R. CIV. P. 4(e) as a more liberal interpretation of a person "who resides there." The process server affirmed that the defendants were not home when service was attempted. ECF No. 12-1, Pl.'s Ex. F at ¶ 4. The process server ***assumed*** Ms. Togba lived at the residence because she was "dressed [in] casual clothes and in slippers." *Id.* at ¶ 3. Ms. Togba represented that she was Danieline Kamya's sister but did not represent that she lived at the residence. *Id.* at ¶ 5.

3

There is no evidence that the process server actually asked Ms. Togba if she lived at the residence. *See generally id.* Plaintiff Nassali makes several logical leaps to argue that Ms. Togba's presence in "dressed [in] casual clothes and in slippers" must mean that she lived at the house. ECF No. 12 at 7. A plaintiff has the burden of showing valid service, and the person tasked with the proper service of process could have easily obtained representation from the person accepting service that the person lived at the residence. *O'Meara*, 464. F. Supp. 2d at 476. However, Plaintiff's interpretation of proper service instead places the burden on all visiting guests wearing casual clothing to know that they must affirmative tell a process server that they do not live there and cannot accept service. Even the most liberal construction of the service rule cannot support Plaintiff's interpretation.

      **II.    The process server's affidavit is irrelevant when it does not dispute the material fact.**

Plaintiff Nassali argues that the process server's affidavit warrants special weight that cannot be refuted by Mr. Kamya's declaration. ECF No. 12 at 6 (citing *FROF, Inc. v. Harris*, 695 F.Supp. 827 (E.D. Pa. 1988)). In *FROF, Inc.*, the defendant's affidavit "is in ***direct conflict*** with the signed return of service filed under the penalty of perjury by Daniel J. Boyd, a private process server." 695 F.Supp. at 828 (emphasis added). In contrast, the process server agrees that Mr. and Mrs. Kamya were not at the residence at the time of service, and the process server has no personal knowledge that Ms. Togba ***lived*** at the residence. *See* ECF No. 12-1, Ex. F. The process server's assumption holds no special weight as to whether Ms. Togba is a resident within the meaning of FED. R. CIV. P. 4(e).

### III. Plaintiff Nassali's argument that Mrs. Kamya does not contest her service is frivolous and ignores the plain language of the motion to dismiss.

Plaintiff Nassali argues that Mrs. Kamya did not present an affidavit so she has not contested her personal service. ECF No. 12 at 6. As Plaintiff Nassali stated, Mrs. Kamya could refute the return of service through an affidavit or "***otherwise*** refute the return of service." *Id.* (emphasis added). Both the initial motion to dismiss and the reply in support of the motion explicitly state:

> Defendants John Kamya and **Danieline Kamya (collectively "Defendants")**, respectfully move pursuant to FED. R. CIV. P. 12(b)(5) to strike the summons returned executed and dismiss Plaintiff's Complaint for insufficient service of process, because Defendants were not properly served with a copy of the summons and complaint in this matter.

*See supra* pg. 1; ECF No. 10 (emphasis added). Filing a motion to dismiss based on service constitutes a method of refuting service. *See id.* Mrs. Kamya's additional sworn affidavit would not change the undisputed that both Mr. and Mrs. Kamya were not present to receive service, and Ms. Togba does not reside with them. *See* ECF Nos. 10-1; ECF No. 12-1, Ex. F.

### CONCLUSION

For the reasons stated above and in Defendants' Motion to Dismiss, Defendants respectfully request this Court grant their motion.

Date: October 15, 2019                             Respectfully submitted,

                                                   __/s/ David A. Branch_____
                                                   David A. Branch #22862
                                                   Law Offices of David A. Branch and
                                                   Associates, PLLC
                                                   1828 L Street, NW
                                                   Suite 820
                                                   Washington, DC  20036
                                                   (202) 785-2805 phone
                                                   (202) 785-0289 fax

5

## **CERTIFICATE OF SERVICE**

I hereby certify this 15th day of October, 2019 that a copy of the foregoing was sent electronically to Plaintiff's counsel listed below.

Morris Eli Fischer
Morris E. Fischer LLC
8720 Georgia Ave Ste 210
Silver Spring, MD 20910-3614
(301) 328-7631
(301) 328-7638 (fax)
morris@mfischerlaw.com

Devashis A Kayal
WKC Law
2314 Peggy Lane
Silver Spring, MD 20910
301-502-0486
dkayal@webbkayal.us

                                                                */s/ David A. Branch*
                                                                 David A. Branch