IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MARY IMMACULATE NASSALI<br><br>　　　　　　*Plaintiff*<br>　v.<br><br>JOHN KAMYA, et al<br><br>　　　　　　*Defendant* | Case No. 8:19-cv-02444-CBD |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS MOTION PARTIAL SUMMARY JUDGMENT**
**AS TO COUNT IV IN THE COMPLAINT**

Pursuant to F.R.C.P. Rule 56, Plaintiff submits this opposition respectfully requesting the Court to deny the above referenced Defendants Motion (*Document 25*). Plaintiff refers the Court her memorandum of points and authorities, order, declaration of witness, Exhibits A through D.

WHEREFORE Plaintiffs prays that the Court for the following relief:

1. Deny Defendants Motion for Partial Summary Judgement; or
2. In the alternative, hold in abeyance the Court's ruling after discovery has been completed;
3. and any other equitable remedy.

Respectfully submitted
PLAINTIFF MARY IMMACULATE NASSALI
By Counsel


/s/ Morris Fischer

By: _____
Morris E. Fischer Esq.
Morris E. Fischer LLC
8720 Georgia Ave, Ste 210
Silver Spring, Maryland 20910
Tel: 301-328-7631
Email: morris@mfischerlaw.com

/s/ Dev Kayal

By: _____

Dev Kayal, Esq.
8720 Georgia Ave, Ste 210
Silver Spring, Maryland 20910
Tel: 301-830-4027
Email: dkayal@webbkayal.us

# CERTIFICATE OF SERVICE

I certify that on January 13, 2020, I have sent a copy of the above Opposition, Exhibits, and the proposed Court Order to the following individuals:

David A. Branch, via ECF, dbranch@dbranchlaw.com

Ann Howard, Esq. via ECF, ahoward@budownoble.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MARY IMMACULATE NASSALI<br><br>*Plaintiff*<br>v.<br><br>JOHN KAMYA, et al<br><br>*Defendant* | Case No. 8:19-cv-02444-CBD |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION

### A. <u>STATEMENT OF MATERIAL FACTS IN DISPUTE</u>

1. Defendant John Kamya is not an authorized person to speak for Nalu Boutique L.L.C. <u>See Exhibit A, Argument, Section II, III</u>.

2. Defendant John Kamya is not an authorized person to speak for an unnamed entity. <u>See Argument, Section II, III.</u>

3. Nalu Boutique LLC currently exists as a legal entity and is doing business. <u>See Exhibit A, Argument, Section III</u>.

4. Defendant John Kamya is not the only putative owner of the Nalu Boutique L.L.C. <u>See Exhibit C, Argument, Section III.</u>

### B. <u>PLAINTIFF'S SUMMARY OF RELEVANT FACTS</u>:

Nalu Boutique ("The Boutique") is an unincorporated business that sells women's clothing. <u>See Exhibit D</u>. It is located in a shopping mall in Gaithersburg, Maryland. In 2015, Ms. Danieline Moore created a name sake limited liability company called Nalu Boutique L.L.C.

3

("LLC"). See Exhibit A. Montgomery County's website represents Nalu Boutique is unlicensed in the county. See Footnote 1. The Boutique's website does not identify either a corporate or individual owner. See Exhibit D.

The Articles of Organization identifies Ms. Moore as the only authorized person of the LLC. See Exhibit A. No other person is identified. A Facebook page identifies Ms. Moore as the CEO of Nalu Boutique. See Exhibit B. Mrs. Moore Kamya is the individual in charge of managing and operating the store and is business. See Exhibit C. Ms. Moore Kamya manages the employees. See Exhibit C. Mail to the Boutique is addressed to Ms. Moore Kamya. See Exhibit C.

Plaintiff's scope of work for the Defendants included working for the Boutique. She has not been paid for the time she worked at the Boutique. See Complaint. In addition to the Defendants, she has a claim against the legal entity that owns the Boutique or the directors of such an entity if it has been forfeited. See Complaint, Count IV. Plaintiff lodged her claims in Count 4 of the Complaint. Nalu Boutique L.L.C., the name sake company was created by Mrs. Danieline Moore Kamya, the CEO, and the primary person who is in charge of Nalu Boutique. See Exhibits A, B, C.

# ARGUMENT

### I. Summary Judgment Standard

In ruling on a motion for summary judgment, the Court must view the facts, and the inferences to be drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88. The moving party is entitled to a grant of summary judgment only if no issues of material fact remain for the trier of fact to determine at trial. *Id.* at 587; *Settle v. Baltimore County,* 34 F. Supp. 2d 969, 983 (D. Md. 1999). Thus, "[s]ummary judgment is not appropriate when there is an issue of fact for a jury to determine at trial, which is the case when there is sufficient evidence favoring the non-moving party upon which a jury can return a verdict for that party." *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir.1991).

### II. <u>The Court should disregard Defendant John Kamya's declaration because he is not competent to testify about corporate matters in the state of Maryland.</u>

According to the Federal Rule of Evidence 601, "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." <u>Id</u>. Defendant John Kamya purports to testify about two legal entities formed in the state of Maryland – Nalu Boutique L.L.C, and an unnamed legal entity. <u>See Affidavit of Defendant John Kamya</u>. In Maryland, an LLC designates an "authorized person" who can make representations about the LLC. <u>MD CORP & ASSNS § 4A-101, § 4A-101. Definitions.</u> (*Please see also discussion in Argument Section III*).

5

Defendant John Kamya does not provide any evidence to show he is authorized to speak for either Nalu Boutique LLC or the unnamed entity. Such instruments would include corporate resolution, minutes of meeting, or similar such instruments through which corporate entities including LLC's normally speak to the Court. Defendant John Kamya's affidavit also lacks candor. He does not disclose to the Court the name of the legal entity that he believes owns Nalu Boutique. This lack of candor as well as he is not legally competent to testify about corporate matters does not dispel the genuine dispute that Nalu Boutique LLC is not the owner or does not have any ownership interest in the Boutique, or for that matter has not done any business in the state of Maryland.

The Boutique is operated by Defendant Danieline Moore Kamya. <u>See Exhibit B</u>. She is identified as the CEO. Mrs. Moore Kamya acts as the person in charge of this Boutique. <u>See Exhibit C, Plaintiff's Declaration</u>. Vendors identify Mrs. Moore Kamya as the individual responsible for invoices. <u>See Id</u>. There is no evidence before the Court that the co-owner has consented to Defendant John Kamya's power to represent the LLC.

Defendant John Kamya's statement that the LLC has not done any business in Maryland is inaccurate. The mere fact that the LLC exists, has not been terminated means the LLC legally exists and is doing business in the state of Maryland. <u>See  infra MD CORP & ASSNS § 4A-908§ 4A-908.</u> Evidence of Boutique's ownership, indirect or direct, and whether the LLC has ever done business would include such documents but not limited to as the lease, insurance documents, invoices, IRS and other tax documents, business licensing documents in

Montgomery County.[1]   None of these documents are before the Court. There is genuine dispute as to whether Nalu Boutique LLC does not conduct business or whether an unnamed LLC either owns or solely owns the Boutique.

### III. *Defendant John Kamya is not authorized by Nalu Boutique L.L.C or an unnamed entity in Maryland to make any representations on behalf of such entities.*

Although the State of Maryland has forfeited Nalu Boutique LLC, the legal entity has not been terminated. The LLC also has not been dissolved.

> (b) Notwithstanding the filing of articles of cancellation, the limited liability company continues to exist for the purpose of paying, satisfying, and discharging any existing debts or obligations, collecting and distributing its assets, and doing all other acts required to liquidate and wind up its business and affairs.

MD CORP & ASSNS § 4A-908§ 4A-908. Effective date of termination.   Absent such LLC actions, an individual purporting to speak for an LLC must be authorized to do so by the LLC because the LLC continues to exist.   Defendant John Kamya is not an authorized person.

> Authorized person (c) "Authorized person" means any person, whether or not a member, who is authorized by the articles of organization, by an operating agreement, or by unanimous consent of the members and any other person whose consent is required by the operating agreement, to execute or file a document required or permitted to be executed or filed on behalf of a limited liability company or foreign limited liability company under this title, or to otherwise act as an agent of the limited liability company.

---

[1] Montgomery County does not list Nalu Boutique as a licensed entity. See https://jportal.mdcourts.gov/license/index_disclaimer.jsp.  A trader in Montgomery County requires a license. Traders: Title 17. Miscellaneous State Business Licenses, Subtitle 18. Traders and Chain Stores.  See also types of business requiring license. Trader's (Retail Stores, Wholesale Car Dealers, and Chain Stores) https://www.montgomerycountymd.gov/Biz-Resources/licenses-permits.html

<u>MD CORP & ASSNS § 4A-101, § 4A-101. Definitions</u>. Defendant John Kamya also does not present any evidence he is even a member of the Nalu Boutique LLC or the unnamed entity. <u>MD CORP & ASSNS § 4A-601, § 4A-601. Conditions for admission as member</u>. In fact, the only person, the state of Maryland has ever recognized as the "authorized person" of the LLC is Ms. Danieline Moore. <u>See Exhibit A</u>. Defendant John Kamya's statements in his affidavit concerning the LLC therefore must be completely disregarded. Similarly, Defendant John Kamya's statements on behalf of an unnamed entity must also be completely disregarded. There is a genuine issue of material fact as to whether Nalu Boutique L.L.C. does not own the Boutique or that an unnamed LLC solely owns the Boutique.

## IV. *<u>The Court could decide the outcome of the motion for partial summary judgement until after discovery is complete.</u>*

F.R.C.P. Rule 56(d) permits the Court to defer consideration of the motion for summary judgement, when nonmovant shows for specified reasons, she cannot present facts essential to the opposition.

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

F.R.C.P. Rule 56(d).

For the Court to make an informed decision, such evidence as lease, insurance documents, invoices, IRS and other tax documents, business licensing documents in

Montgomery County, corporate documents of unnamed company that is the also the putative owner would be probative. None of these documents are before the Court. Defendant John Kamya does not present any such evidence. It is anticipated that Plaintiff will be able to discover these documents and information upon discovery. Such disclosure would assist the Court in making an informed decision concerning Count IV of the Complaint.

_____

For the above reasons, Plaintiff respectfully requests the Court to deny Defendants motion for partial summary judgement.

Respectfully submitted
PLAINTIFF MARY IMMACULATE NASSALI
By Counsel

/s/ Morris Fischer                    /s/ Dev Kayal

By: _____               By: _____
    Morris E. Fischer Esq.                Dev Kayal, Esq.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MARY IMMACULATE NASSALI<br><br>              *Plaintiff*<br>    v.<br><br>JOHN KAMYA, et al<br><br>              *Defendant* | Case No. 8:19-cv-02444-CBD |

## **ORDER (Proposed)**

Upon consideration of the Defendants Motion for Partial Summary Judgement as to Count IV in the Complaint, Plaintiff's Opposition, and all evidence submitted in support, it is hereby ORDERED:

    Defendants Motion for Partial Summary Judgement to Count IV in the Complaint, as is denied;

_____                                  _____
Date                                                                                        Judge Day
                                                                                         U.S. District Court Judge