IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **MARY IMMACULATE NASSALI,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CBD-19-2444 |
| **JOHN KAMYA, et al.** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before the Court is Defendants John Kamya and Danieline Moore Kamya's Motion for Partial Summary Judgment as to Count IV of Plaintiff's Complaint ("Defendants' Motion"), ECF No. 25. The Court has reviewed Defendants' Motion, the opposition, and the reply thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Defendants' Motion.

### I. Factual Background

On July 15, 2018, Plaintiff Mary Immaculate Nassali ("Plaintiff"), a Ugandan citizen, arrived in the United States on a B1/B2 visitor visa to work as a domestic service worker for Defendants John Kamya and Danieline Moore Kamya (collectively "Defendants"). Pl.'s Compl. ¶¶ 7, 28–30, ECF No. 1. As a domestic service worker, Plaintiff was tasked with providing care to Defendants' baby ("Baby Kamya") and doing housework such as: washing dishes; doing laundry; cleaning bathrooms; cleaning the kitchen; cleaning other parts of the house; vacuuming; mopping the floors; and cooking. *Id.* at ¶ 32. Plaintiff alleges that she was required to perform

1

these duties at any time of day or night and was required to work seven days a week. *Id*. at ¶¶ 24, 33. Plaintiff also alleges that she was employed by Nalu Boutique, LLC, an online clothing store for women. *Id.* at ¶¶ 34, 97–105. As an employee, her duties included: ironing clothes; arranging jewelry, clothes, and dresses; stocking merchandise; conducting inventory; packaging goods for shipment; and cleaning the store. *Id.* at ¶ 35. According to Plaintiff, she worked from 8:00 a.m. to 11:00 p.m. on both weekdays and weekends and essentially remained on call from 11:00 p.m. to 7:00 a.m. to tend to Baby Kamya during the nighttime. *Id.* at ¶¶ 36, 39. Plaintiff was required to sleep in Baby Kamya's room throughout the night. *Id.*

Shortly after Plaintiff's arrival in the United States, Plaintiff alleges Defendant Danieline Moore Kamya confiscated her phone to prevent Plaintiff from communicating with friends and family. *Id.* at ¶ 46. Defendant Danieline Moore Kamya also demanded Plaintiff translate Plaintiff's messages on her phone to English. *Id.* at ¶ 47. Plaintiff further alleges that Defendants confiscated Plaintiff's passport and did not permit her to leave Defendants' residence from July 2018 through December 2018. *Id*. at ¶ 51. On March 13, 2019, Plaintiff's employment with Defendants as a domestic service worker was terminated. *Id*. at ¶ 54. Plaintiff alleges that her passport was not returned to her until July 23, 2019. *Id*. at ¶ 61. Plaintiff further alleges that as a result of her "imprisonment," she has experienced bouts of crying, significant weight loss, changes in her menstrual period, feelings of suffering, fright, nervousness, indignity, humiliation, and embarrassment. *Id.* at ¶ 62.

Plaintiff filed suit alleging: (1) violation of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1581, *et seq.*; (2) violation of the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*; (3) violation of the Maryland Wage and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*; (4) violation of Maryland Corporation and

Association Law, Md. Code Ann., Corps. & Ass'ns § 3-515(a); (5) Fraud; and (6) Intentional Infliction of Emotional Distress. Pl.'s Compl. 10–17.

## II. Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

"Once the moving party discharges its burden . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002). Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with affirmative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). "The disputed facts must be material

3

to an issue necessary for the proper resolution of the case." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249 (citations omitted).

### III. Analysis

Plaintiff alleges that she worked for Nalu Boutique, LLC, an entity which is now forfeited. Pl.'s Compl. ¶ 97–105. Plaintiff avers that since Nalu Boutique, LLC is now forfeited, Defendants as owners and directors, may be sued in the name of the corporation. *Id.* Defendants aver that Count IV of the Complaint must be dismissed because Plaintiff never worked for Nalu Boutique, LLC, and therefore, the fact that it is a forfeited entity is irrelevant. Defs.' Mot. 3. Defendants contend that Plaintiff "work[ed] at Nalu Boutique, an online store in Gaithersburg, Maryland, which is operated by a Maryland corporate entity created by the Defendants in 2013" ("2013 Corporate Entity").[1] *Id.* Defendants further contend that they may not be held personally liable because the 2013 Corporate Entity which owns and operates Nalu Boutique is in good standing, and therefore, Plaintiff cannot pierce the corporate veil. *Id.* at 4. Plaintiff contends that Defendant John Kamya's affidavit stating that Plaintiff did not work for Nalu Boutique, LLC is immaterial because Defendant John Kamya is not authorized by Nalu Boutique, LLC or the 2013 Corporate Entity to make any representations on its behalf. Pl.'s Opp. to Defs.' Mot. 5–8, ECF No. 38.

Under Md. Code Ann., Corps. & Ass'ns § 4A-301, no member of a Limited Liability Company ("LLC") shall be personally liable for the obligations of the LLC, whether arising in

---

[1] Defendants fail to disclose the entity that owns and operates Nalu Boutique.

4

contract, tort, or otherwise, solely for being a member of the LLC. Md. Code Ann., Corps. & Ass'ns § 4A-301 (2017). The Court of Appeals of Maryland has stated:

> [A]lthough the courts will, in a proper case, disregard the corporate entity and deal with substance rather than form, as though a corporation does not exist, shareholders generally are not held individually liable for debts or obligations of a corporation except where it is necessary to prevent fraud or enforce paramount equity.

*See Serio v. Baystate Properties, LLC*, 209 Md. App. 545, 559 (2013) (quoting *Bart Arconti & Sons, Inc. v. Ames-Ennis, Inc.*, 275 Md. 295, 340 (1975)); *See also Hildreth v. Tidewater Equip. Co.*, 378 Md. 724, 735 (2003) (listing the factors to be considered to determine whether the corporate veil should be pierced). "Maryland is more restrictive than other jurisdictions in allowing a plaintiff to pierce a corporation's veil." *Horlick v. Capital Women's Care, LLC*, 896 F. Supp. 2d 378, 395 (D. Md. 2011) (quoting *Residential Warranty Corp. v. Bancroft Homes Greenspring Valley, Inc.*, 126 Md. App. 294, 309 (1999)).

Pursuant to Md. Code Ann., Corps. & Ass'ns § 3-515, when a Maryland corporation has been forfeited, the directors may sue or be sued in the name of the corporation. Md. Code Ann., Corps. & Ass'ns § 3-515(c) (2017); *See also Francis v. Hunt*, No. RWT 04-CV-637, 2004 WL 1336227, at *1 (D. Md. June 10, 2004) (finding that a complaint was properly brought against the proprietors of a corporation because it was forfeited).

In this case, it appears as though Plaintiff sued Defendants in their individual capacities in part, because she believes she worked for Nalu Boutique, LLC, which is now forfeited. Defendants do not deny that Nalu Boutique, LLC is forfeited, however, they assert that Plaintiff worked for Nalu Boutique, which "is and always has been in fact owned and operated by a valid Maryland Corporation – which is not Nalu Boutique LLC." Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. 2, ECF No. 39. The Court finds that Nalu Boutique, LLC is indeed forfeited. *See*

Maryland Business Express Documents 2, ECF No. 1–2.  However, it is unclear which corporate entity Plaintiff worked for from July 2018 through March 2019.  Although Defendants aver that Nalu Boutique, LLC did not employ Plaintiff, there is nothing in the record aside from their sworn statements claiming that Plaintiff worked for the 2013 Corporate Entity.  Given that the Court must construe the facts alleged with reasonable inferences in favor of Plaintiff, *Diebold, Inc.*, 369 U.S. at 655, the Court finds Defendants have failed to carry their burden to show that there are no genuine issues as to any material fact.  Fed. R. Civ. P. 56(c); *Celotex Corp*, 477 U.S. at 322.

As to Plaintiff's contention that Defendant John Kamya is not authorized to act as an agent for Nalu Boutique, LLC, the Court agrees with Plaintiff.[2]  In Maryland, a person may act as an agent of an LLC if they are considered an authorized person.  Md. Code Ann., Corps. & Ass'ns § 4A-101(c) (2012).  An authorized person:

> [M]eans any person, whether or not a member, who is authorized by the articles of organization, by an operating agreement, or by unanimous consent of the members and any other person whose consent is required by the operating agreement, to execute or file a document required or permitted to be executed or filed on behalf of a limited liability company or foreign limited liability company under this title, or to otherwise act as an agent of the limited liability company.

*Id.*

Defendant Danieline Moore Kamya stated that Defendant John Kamya, as vice president "has the authority to represent the [2013 Corporate Entity]."  *See* Decl. of Def. Danieline Moore Kamya, ECF No. 39–1.  This statement would suffice to make Defendant John Kamya an authorized person to speak on behalf of the 2013 Corporate Entity if: (1) the 2013 Corporate Entity is an LLC; (2) Defendant Danieline Moore Kamya is the sole member of the 2013

---

[2] There is insufficient information to determine the corporate form of the 2013 Corporate Entity.  Therefore, the Court cannot address whether Defendant John Kamya is authorized to speak on its behalf.

Corporate Entity; and (3) there is no one else whose consent is required.  However, Defendants have not provided sufficient evidence to assist the Court in answering these questions, therefore, they have failed to meet their burden of showing there is no genuine dispute of material fact as to who has authority to represent Nalu Boutique, LLC.

Ultimately, the Court is left with more questions than answers.  There is a genuine dispute of fact as to which entity employed Plaintiff.  Defendants stand on the vague assertion that a Maryland corporation established in 2013 owns and operates Nalu Boutique.  While the Court recognizes Defendants' strategic decision not to divulge information about the 2013 Corporate Entity responsible for Plaintiff's employment, it cannot grant a motion for summary judgment based on vague contentions.  The Court finds that adequate time for discovery may help clarify the disputed facts in this case.  *See Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)) ("As a general proposition, summary judgment is appropriate only after adequate time for discovery") (internal quotation marks omitted); *see also Celotex Corp.*, 477 U.S. at 322 (observing that summary judgment is appropriate only after adequate time for discovery).  Hence, given the record before it, the Court does not find Defendants are entitled to judgment as a matter of law.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion is DENIED WITHOUT PREJUDICE.

February 6, 2020

/s/
Charles B. Day
United States Magistrate Judge

CBD/hjd