# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## CIVIL DIVISION

|  |  |
|---|---|
| **MARY IMMACULATE NASSALI** | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 8:19-cv-02444-CBD |
| **JOHN KAMYA**, *et al.* | ) |
| *Defendants*. | ) |
| **JOHN KAMYA**, *et al.* | ) |
| *Counter-Claimants*, | ) |
| v. | ) |
| **MARY IMMACULATE NASSALI,** *et al.* | ) |
| *Counter-Defendants*. | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THIRD-PARTY DEFENDANT RITA KAMYA ESTAPHANOS' MOTION TO DISMISS

Come now, Defendants and Counter-Claimants John Kamya and Danieline Kamya (collectively the "Kamyas"), by and through counsel, file this Memorandum of Points and Authorities in Opposition to Third-Party Defendant Rita Kamya Estaphanos' ("Defendant Estaphanos") Motion to Dismiss, and in support thereof state as follows.

## INTRODUCTION

On December 13, 2019, the Kamyas filed, in part, a six-count counter-claim of Defamation (Count I), False Light (Count II), Tortious Interference with Economic Relations (Count III), Civil Conspiracy (Count IV), and Abuse of Process (Count VI) against Third-Party Defendant Rita Kamya Estaphanos ("Defendant Estaphanos"). *See generally* ECF No. 24. The Kamyas also filed a Breach of Contract claim (Count V) against Counter-Defendant Mary Immaculate Nassali ("Defendant Nassali"). *Id.* at 33. On June 8, 2020, Defendant Estaphanos files a three-page motion to dismiss that asserts her own nine alternative facts and states in a wholly conclusory fashion that the Kamyas had not shown "clear and convincing evidence or highlight any instances in which" Defendant Estaphanos was involved in the claims. ECF No. 49 at 3.

On June 22, 2020, the Kamyas filed a motion to strike the motion to dismiss. ECF No. 50. If this Court opts to deny the previously-filed motion to strike, this Court should still deny the motion to dismiss because Defendant Estaphanos fails to confront any of the alleged material facts in the counter-claims. This Court should not convert the motion to dismiss into a motion for summary judgment as Defendant Estaphanos made no such request and Defendant Estaphanos' evidence does not negate the factual allegations within the counter-claims, rendering any conversion futile.

## FACTUAL ALLEGATIONS

Due to the extensiveness of the factual allegations within the counter-claims, the Kamyas incorporate by reference the twenty-five-pages of allegations within their counter-claims. ECF No. 24 at 12-37.

As a brief synopsis, the Kamyas alleged that beginning in March or April 2019, Defendant Estaphanos falsely accused the Kamyas of crimes, including the scandalous accusation of enslavement and abuse, before others in violation of common law defamation (Count I) and false light (Count II). ECF No. 24 at ¶¶ 51, 55. The Kamyas alleged that beginning in 2019, Defendant Estaphanos threatened to interfere and did interfere with Mr. Kamya's businesses by intentionally accusing him of scandalous and false crimes which lead to the cancellation of a multi-million dollar financing agreement in June 2019 and delayed two additional projects in violation of common law Tortious Interference with Economic Relations (Count III). *Id.* at ¶ 59. The Kamyas also alleged that Defendant Estaphanos conspired with Defendant Nassali and Third-Party Defendant Anthony Morgan Kamoga ("Defendant Kamoga") to extort money from the Kamyas and prevent them from reporting Defendant Nassali's fraudulent asylum application to ICE by damaging the Kamyas' reputations and interfering with Mr. Kamya's businesses in violation of common law Civil Conspiracy (Count IV). *Id.* at ¶ 62. The Kamyas alleged Defendant Estaphanos conspired with Defendant Nassali and Defendant Kamoga to extort money from the Kamyas by threatening to file known frivolous legal claims. *Id.* at ¶ 67. "Counter-Defendants' request to pay to make the potential criminal violation go away fit well within the archetypal abuse of process claim." *Id.* (Count VI).

## STANDARD OF REVIEW

FED. R. CIV. P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must be sufficient "to give a defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to state a claim for relief that

is "plausible on its face." *Id.* at 570. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555.

## ARGUMENT

**I.     The Kamyas alleged sufficient facts for each claim, and Defendant Estaphanos' motion to dismiss fails to confront any of the material facts.**

FED. R. CIV. P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendant Estaphanos echoes the motion to dismiss standard, stating: "a complaint must contain sufficient factual matter, ***accepted as true***, to state a claim to relief that is plausible on its face." ECF No. 49 at 3 (emphasis added). Defendant Estaphanos ignores her own stated standard of a motion to dismiss by failing to analyze a single fact from the counter-claim. *Compare* ECF No. 24 *with* ECF No. 49. Instead, Defendant Estaphanos primarily uses the motion to inject her own new alternative facts and evidence. ECF No. 49 at 2; ECF No. 49-1. In addition, Defendant Estaphanos fails to provide any legal analysis or explanation of the applicability of her inappropriately asserted new facts to the legal elements of the counter-claims against her. *See generally* ECF No. 49 at 3.

Contrary to Defendant Estaphanos' conclusory argument, the Kamyas' counter-claims far exceed the minimum pleading requirement by alleging the material facts, applying the facts to elements of each claim, and providing extensive evidence in support of the material facts. *See generally* ECF No. 24; *see also supra* 2-3. After meeting their pleading burden, the Kamyas should not be placed in the untenable position of guessing potential legal arguments from Defendant Estaphanos' conclusory motion and responding to those potential arguments in order to pursue their counter-claims against her. Even if this Court opts not to grant the Kamyas' motion to strike, it should still deny Defendant Estaphanos' motion to dismiss.

**II.     This Court cannot legally consider Defendant Estaphanos' injected alternative facts and her facts do not negate the material counter-claim allegations.**

It is well established that this Court legally may not consider facts outside of the complaint at the motion to dismiss stage. *See e.g., Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991); *von Rosenberg v. Lawrence*, 849 F.3d 163, 167 n.1 (4th Cir. 2017); *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 610 (D. Md. 2011). This Court can only consider facts outside of the Complaint by converting the motion to dismiss into a motion for summary judgment. *Id.* On a practical note, even if this Court converts the motion to consider the unauthenticated August 8, 2019 meeting notes and out-of-context text messages from August 9, 2019, August 19, 2019, and March 13, [no year provided], *see* ECF No. 49-1 at 3-5, the evidence *still* does not negate the factual allegations regarding Defendant Estaphanos' actions throughout 2019. *See supra* 2-3; *see also* ECF No. 24.

### CONCLUSION

If this Court opts to deny the Kamyas' motion to strike the motion to dismiss, the Kamyas respectfully request this Court deny Third-Party Defendant Rita Kamya Estaphanos' Motion to Dismiss. ECF No. 49.

June 22, 2020                                         Respectfully submitted,

   /s/ David A. Branch
David A. Branch, #22862
Law Office of David A. Branch and
Associates, PLLC
1828 L Street, NW, Suite 820
Washington, D.C. 20036
(202) 785.2805 phone
(202) 785.0289 fax
davidbranch@dbranchlaw.com

## CERTIFICATE OF SERVICE

I hereby certify this 22nd day of June 2020 that I caused a copy of the foregoing to be served electronically via the Court's CM/ECF System on Counter-Defendant Nassali and through first-class mail on Counter-Defendants Kamoga and Kamya Estaphanos.

Morris E. Fischer Esq.
Morris E. Fischer LLC
8720 Georgia Avenue, Ste 210
Silver Spring, Maryland 20910

Dev Kayal, Esq.
8720 Georgia Avenue, Ste 210
Silver Spring, Maryland 20910

*Counsel for Counter-Defendant Nassali*

Anthony Morgan Kamoga
13401 Arden Way Apt. 12
Laurel, MD 20708

Rita Kamya Estaphanos
13019 Conductor Way
Silver Spring, MD 20904

                                                */s/ David A. Branch*
                                                David A. Branch